**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**ANDREW YOUNG, individually and on behalf of others similarly situated,**
                **Plaintiffs,**

                **NO. 04-Civ. 5968**
    v.                **(LTS)(GWG)**

**COOPER CAMERON CORPORATION,**

                **Defendant.**

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is a Fair Labor Standards Act ("FLSA") overtime action. Discovery has concluded and the undisputed facts are that Andrew Young, the Plaintiff, regularly worked more than forty hours per week for the Defendant generating designs, parts lists and assembly drawings for skids and packaging of equipment on skids, and that the Defendant failed to pay overtime for any hours worked more than forty. The facts further establish that Mr. Young was not professionally exempt from the FLSA protections. The exemption only applies to work that requires knowledge customarily acquired by a "prolonged course of specialized intellectual instruction and study." Despite the clear requirement, Mr. Young's highest academic degree is a high school diploma and the Defendant did not require any more than a high school education for anyone in Mr. Young's position. Nor was Mr. Young subject to the FLSA's administrative exemption. That exemption does not apply to production work, and the Defendant itself characterized Mr. Young's work as production work. Finally, the FLSA requires that an employer that violates its overtime provisions "shall be liable" to the employee for unpaid overtime and "an additional equal amount as liquidated damages." 29 U.S.C. §216(b). An exception to that rule requires a showing that the Defendant acted in

good faith and on reasonable grounds.  Discovery established that the Defendant cannot make that showing.

Accordingly, Mr. Young asks this Court for summary judgment declaring that he was not professionally or administratively exempt as an employee of the Defendant and that the Defendant is liable for the full measure of liquidated damages provided under 29 U.S.C. §216(b).

**PROCEDURAL HISTORY**

Mr. Young filed the complaint in this matter on August 2, 2004.  The Parties filed a Joint Preliminary Pretrial Statement on November 12, 2004, and appeared before Your Honor on November 19.  Your Honor referred the case to Magistrate Judge Gabriel W. Gorenstein for general pretrial.  The Parties attended a settlement conference before Magistrate Judge Gorenstein on December 27, 2004.  Unable to resolve the matter through Magistrate Judge Gorenstein's good offices, the Parties entered into discovery.  The Parties exchanged initial disclosures, propounded document requests and interrogatories and conducted depositions, and the Defendant propounded Requests to Admit.

Pursuant to an Order by Magistrate Judge Gorenstein, discovery in this matter concluded on November 30, 2005, and dispositive motions were due on January 16, 2006.[1]  The Parties met telephonically in an effort to resolve the issues raised in this motion.  Despite the Plaintiff's best efforts, the issues remain unresolved.

---

[1] This motion was filed on January 19, 2006 pursuant to the instructions contained in the January 5, 2006 ECF Service Interruption Notice, Ex. A.

**FACTS**

The Defendant is a Fortune 1000 company. It is a leading international manufacturer of oil and gas pressure control equipment, including valves, wellheads, controls, chokes, blowout preventers and assembled systems for oil and gas drilling, production and transmission used in onshore, offshore and sub sea applications, and provides oil and gas separation equipment. It is also a leading manufacturer of centrifugal air compressors, integral and separable gas compressors and turbochargers. In 2004, its total revenues were in excess of $2,000,000,000. Ex. B, Cooper Cameron 2004 Annual Report, cover through 2.

Mr. Young worked for the Defendant as a Product Design Specialist II from July 2001 until March 2004. Ex. C, Joint Preliminary Pre-Trial Statement, C. Material Uncontested or Admitted Facts, ¶¶4, 5. As a Product Design Specialist II, Mr. Young's primary job duty was to generate designs, part lists, and assembly drawings for skids and packaging of equipment on skids. Ex. D, Deposition of Cooper Cameron pursuant to Fed. R. Civ. P. 30(b)(6) ("Cooper Deposition") at 72:11-73:19. Specifications for a particular skid were provided to Mr. Young by an engineer who developed them in consultation with the customer. Cooper Deposition at 54:23-62:12; Ex. E, Deposition of Andrew Young, Plaintiff ("Young Deposition") at 78:18-79:22; 213:7-13. Mr. Young performed the drawings on a computer using an Auto-CAD software program. Young Deposition at 61:8-11. Most of Mr. Young's drawings originated from pre-existing drawings from previous projects. Cooper Deposition at 54:12-18; Young Deposition 54:16-55:25. His drawings were used by a shop to create the products or parts of the products that the Defendant sold to its customer. Cooper Deposition at 115:11-14; Young Deposition at 78:18-25. The balance of his job duties involved data

entry into the Defendant's electronic databases.  Cooper Deposition at 68:5-70:20; Young Deposition at 83:5-84:16.

The Defendant expected Product Design Specialists to work overtime if their work load required it.  Cooper Deposition at 126:11-13; 134:4-13. According to his supervisor, Mac Kennedy, Mr. Young regularly worked more than forty hours per week.  Ex. F, Deposition of Mac Melton Kennedy ("Kennedy Deposition") at 21:10-20; Ex. G, Young Declaration in Support of Collective Action ("Young Declaration") ¶8.  Nevertheless, the Defendant did not pay Mr. Young overtime for hours worked more than forty in a week. Cooper Deposition at 123:12-21; Young Declaration ¶9.

The Defendant did not consider Mr. Young an engineer.  Cooper Deposition at 119:19-120:4.  Mr. Young did not consider himself an engineer.  Young Deposition at 50:13-52:18.  His job as a Product Design Specialist II required no more schooling than a high school education.  Cooper Deposition at 120:13-122:11.  Mr. Young's highest educational degree is a high school diploma.  Young Declaration ¶4; Young Deposition at 19:25-28:22. At its deposition, the Defendant could not identify a single Product Design Specialist at any level, current or former, that had a college degree of any sorts.  Cooper Deposition at 121:16-122:5.  It described the knowledge necessary to do Mr. Young's job as gained solely through on-the-job training.  Cooper Deposition at 122:12-123:11.

Mr. Young's work for the Defendant was work related to the production of goods and services that Cooper Cameron sold to it customers.  Cooper Deposition at 114:20-24; 115:11-14; Young Declaration at ¶6.  His job duties did not include advising management, business planning, negotiating on behalf of the Defendant, purchasing products, promoting sales,

4

business research, or advising management. Cooper Deposition at 115:15-116:8. His work did not pertain primarily to the Defendant's management policies or general business operations. Cooper Deposition at 116:9-19. Mr. Young did not have the discretion to commit the Defendant financially or to a specific business course in financial reports. Cooper Deposition at 116:20-117:3.

The Defendant has offered no evidence that it sought legal advice on the issue of whether the Product Design Specialist positions were exempt. Ex. H, March 25, 2005 letter from Mintz Levin Cohn Ferris Glovsky and Popeo PC, counsel for the Defendant ("Mintz Levin Letter"). The Defendant offered Denise Bailey as a corporate witness to testify on the Defendant's basis for classifying Mr. Young as an exempt employee, Ms. Bailey could not provide the basis for the exemption under the pre-August 2004 regulations. Ex. I, Deposition of Denise Bailey as Cooper Cameron's Representative pursuant to Fed. R. Civ. P. 30(b)(6) ("Bailey Deposition") at 45:19-47:2. She did not review the classification of Product Design Specialist IIs as exempt until after Mr. Young left the company and after the FLSA regulations were amended. Bailey Deposition at 21:25-22:11. Although she claimed she reviewed and approved the exempt classification under the new regulations, she could not offer any basis for her approval. Bailey Deposition at 25:16-29:18; 30:20-31:13.

**ARGUMENT**

The Fair Labor Standards Act entitles all employees to compensation for hours worked more than forty in a week at a rate of time and one-half unless the statute specifically provides an exemption. Any exemption to the statute must be construed narrowly, and the burden of establishing the exemption lies with the employer.

The Defendant does not deny that Mr. Young worked more than forty hours a week, nor does it deny that it did not pay him overtime for those hours more than forty that he worked.  Moreover, the undisputed facts do not support the Defendant's claim that Mr. Young was exempt from the protections of the FLSA or its request that the Court reduce the amount of damages required under the statute.

**I.      SUMMARY JUDGMENT STANDARD**

The purpose of summary judgment is to isolate and terminate claims and defenses that are factually unsupported.  *See Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id*. at 327.  A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986).  The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has made such a showing, the non-moving party must present "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).  There are no disputed facts in this motion.

**II.     MR. YOUNG WAS NOT AN EXEMPT EMPLOYEE UNDER THE FLSA**

The Defendant does not deny that Mr. Young worked more than forty hours a week. Cooper Deposition at 126:11-13; 134:4-13; Kennedy Deposition 21:10-20.  Nor does it deny that it did not pay him overtime for those hours more than forty that he worked.  Complaint ¶9, Cooper Deposition at 123:12-21. Instead, it claims that Mr. Young is not protected by the

FLSA because he was administratively and/or professionally exempt from the statutory protections. See Joint Preliminary Pre-Trial Statement, A. Nature of this Action, page 2.

The undisputed facts show that the Defendant cannot establish that Mr. Young was professionally or administratively exempt from the FLSA protections. Mr. Young cannot be professionally exempt because his work was not of a professional nature. It required no more than a high school education, and the skills necessary for his job are gained through on-the-job training rather than a course of intellectual study. Mr. Young cannot be administratively exempt because his work was production work unrelated to the administrative function of the Defendant corporation. The undisputed facts warrant judgment as a matter of law that Mr. Young was not professionally or administratively exempt from the FLSA.

**A.      FLSA Exemptions Must Be Construed Narrowly**

Under the FLSA, any employee is entitled to be compensated for all hours more than forty in a workweek at the rate of time and one half, unless a specifically enumerated exemption applies. *A.H. Phillips v. Walling,* 324 U.S. 490 (1945). The FLSA was designed "to extend the frontiers of social progress' by 'insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.' ... Any exemption from such humanitarian and remedial legislation must therefore be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress. To extend an exemption to other than those plainly and unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate the announced will of the people." *A.H. Phillips,* 324 U.S. at 493; *see also Martin v. Malcolm Pirnie, Inc.,* 949 F.2d 611, 614 (2nd Cir. 1991) ("[B]ecause the FLSA is a remedial act, its exemptions . . . are to be narrowly construed.").

The Defendant bears the burden of proving any exemption from the FLSA. *Walling v. General Indus. Co.,* 330 U.S. 545, 547-8 (1947). It is required to present facts showing that Mr. Young was plainly and unmistakably within the terms and spirit of the professional and administrative exemptions. The undisputed facts show that the Defendant cannot meet that burden.

**B.    Mr. Young Was Not Professionally Exempt**

The professional exemption applies only to employees

> [w]hose primary duty consists of work requiring knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, which includes work requiring the consistent exercise of discretion and judgment.

29 C.F.R. §541.3(a)(1)[2]. "The first element in the requirement is that the knowledge be of an advanced type. Thus, generally speaking, it must be knowledge which cannot be attained at the high school level." 29 C.F.R. §541.301(b).

"[P]rofessions which meet the requirement for a prolonged course of specialized intellectual instruction and study include law, medicine, nursing, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical and biological sciences, including pharmacy and registered or certified medical technology and so forth." 29 C.F.R. §541.301(e)(1). The professional exemption allows for exceptions to the

---

[2]Although the regulations changed effective August 24, 2004, all of Mr. Young's work for the Defendant occurred before the date of the change. Therefore, the regulations in effect prior to August 24, 2004 govern this action. *See*, *Campanello v. Anthony & Sylvan Pools Corp.*, 2004 WL 2049313, at *10, fn.7 (N.D. Tex. 2004); *Scherer v. Compass Group USA, Inc.,* 340 F.Supp 942, 944, fn.1 (W.D. Wisc. 2004).

requirement of attaining knowledge through a prolonged course of specialized intellectual instruction and study, such as a lawyer who gains admission to the profession through home study and experience. But "[t]he word 'customarily' implies that in the vast majority of cases, the specific academic training is a prerequisite for entrance into the profession." 29 C.F.R §541.301(d).

Consistent testimony by the Defendant and Mr. Young establishes that he could not have been professionally exempt for FLSA purposes. Mr. Young's work was simply not the type that the professional exemption requires–it did not require a prolonged course of specialized intellectual training. He did not have even a college degree, let alone a degree in a field of science or specialized intellectual instruction—his highest academic degree was a high school diploma. Young Declaration ¶ 4; Young deposition at 23:5-12.

The regulations are abundantly clear that while there may be individual exceptions, the professional exemption applies only to work that "require[s] knowledge of an advance type in a field of science or learning <u>customarily</u> acquired by a prolonged course of specialized intellectual instruction and study." 29 C.F.R. §541.3(a)(1) (emphasis added). The exemption is restricted to professions where specialized academic training is a standard prerequisite for entrance into the profession. At its deposition, the Defendant could not identify a single Product Design Specialist that had a 2-year or 4-year college degree in any discipline. Cooper Deposition at 121:16-122:5. Clearly, the knowledge required for Mr. Young's Product Design Specialist position was not "<u>customarily</u> acquired by a prolonged course of specialized intellectual instruction and study." On the contrary, the Defendant testified that the Product Design Specialist position does not require any schooling, only on-

9

the-job training. Cooper Deposition at 122:12-123:11. On-the-job training is not sufficient to support the professional exemption. *See, e.g., Ragnone v. Belo Corp.*, 131 F. Supp. 2d 1189, 1192-94 (D. Or. 2001) (finding that a helicopter pilot was non exempt because his training was like a traditional apprenticeship with on-the-job training rather than the extensive academic training commonly required under the learned professional exemption); *Palardy v. Horner*, 711 F. Supp. 667, 671 (D. Mass. 1989) (specialized on-the-job training of draftsmen insufficient to meet requirements of FLSA professional exemption); *see also*, *Vela v. City of Houston*, 276 F.3d 659, 674-676 (5th Cir. 2001) (requirement for paramedics of 880 hours of didactic training, clinical experience, and filed internship did not meet the "prolonged course of study" criterion of the professional exemption).

The undisputed facts in this case cannot support the professional exemption. *Id.*

**C.     Mr. Young Was Not Administratively Exempt**

The FLSA administrative exemption applies if an employee's "primary duty consists of . . . the performance of non-manual work directly related to management policies or general business operations of his employer or his employer's customers." 29 C.F.R. §541.2(a)(1). "The phrase 'directly related to management policies or general business operations of his employer or his employer's customers' describes those types of activities relating to the administrative operations of a business as distinguished from 'production.'" 29 C.F.R. §541.205(a); *see Reich v. New York*, 3 F.3d 581, 586-88 (2d Cir. 1993) (finding that the administrative exemption turns on whether the employee performs administrative activities as distinguished from its "production" activities); Ex. J, U.S. Dep't of Labor, Wage and Hour Division Opinion Letter, 1997 WL 971811, at 2 ("DOL Opinion Letter")

(September 12, 1997) ("the test is whether the employees are engaged in carrying out the employer's day-to-day affairs rather than running the business itself or determining its overall course and policies.").

Both the Defendant and Mr. Young testified that Mr. Young's work was production work. When asked "Was Andy Young's work related to the production of goods and services that Cooper Cameron sold to its customers?" the Defendant replied "Yes." Cooper Deposition at 114:20-24. Mr. Young also testified that he worked on products that the Defendant sold to its customers. Young Declaration at ¶6; Young Deposition at 78:18-25. The Defendant further testified that Mr. Young's work had none of the indicia of administrative work that the Federal Regulations identify as establishing the FLSA exemption. His work did not pertain primarily to the Defendant's management policies or general business operations. Cooper Deposition at 116:9- 19; *compare* 29 C.F.R. 541.205(a). His job duties did not include advising management, business planning, negotiating on behalf of the Defendant, purchasing products, promoting sales, business research, or advising management. Cooper Deposition at 115:15-116:8; *compare* 29 C.F.R. 541.205(b). Mr. Young did not have the discretion to commit the Defendant financially or to a specific business course in financial reports. Cooper Deposition at 116:20-117:3; *compare* 29 C.F.R. 541.205(c).

The undisputed facts are that Mr. Young's work consisted of production activities. Therefore, he could not fall under the administrative exemption of the FLSA. 29 C.F.R. §541.205(a); *Reich*, 3 F.3d at 586-88; DOL Opinion Letter, 1997 WL 971811, at 2.

### III.   LIQUIDATED DAMAGES

An employer found to have violated 29 U.S.C. §207 "shall be liable" to the employee for unpaid overtime and "an additional equal amount as liquidated damages." 29 U.S.C. §216(b). Consistent with the statute's plain language, there is a strong presumption that where an employer violates the FLSA, it is liable for double damages, *i.e.*, liquidated damages in an amount equal to the back pay owed. *Reich v. Southern New England Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997); *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 947-48 (2d Cir. 1959).

The purpose of liquidated damages is compensatory, not punitive. *Caserta,* 273 F.2d at 948. A defendant may only be relieved from the FLSA's liquidated damages when it can prove that its failure to pay wages was "in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." 29 U.S.C. 260; *see Caserta*, 273 F.2d 943. Although the exception exists, the employer's burden of proof is "a difficult one to meet." *Brock v. Wilamowsky,* 833 F.2d 11, 19 (2d Cir. 1987). "'Good faith' in this context requires more than ignorance of the prevailing law or uncertainty about its development. It requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich,* 121 F.3d at 71; *accord Herman v. RSR Sec. Services Ltd.* 172 F.3d 132, 142 (2nd Cir 1999). Reasonable grounds is an objective standard, and "ignorance is no defense to a claim for liquidated damages." *Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F.Supp. 860, 871 (S.D.N.Y. 1984).

The Defendant offers no evidence that it acted in good faith in classifying Mr. Young as exempt from the FLSA protections. The Defendant is a Fortune 1000, multi-billion dollar

12

international corporation. Nevertheless, the Defendant has offered no evidence that it sought legal advice on the issue of whether the Product Design Specialist positions were exempt. *See* Mintz Levin Letter. Classifying Product Design Specialists as exempt without seeking legal advice is contrary to the good faith standard. *Dingwall v. Friedman Fisher Assocs. P.C.*, 3 F.Supp.2d 215, 223 (N.D.N.Y 1998) ("[I]t is well-established that defendant has an affirmative obligation to seek legal counsel to ensure that its policies and actions comply with the FLSA."). The Defendant offered Denise Bailey as a corporate witness to testify on the Defendant's basis for classifying Mr. Young as an exempt employee. However, Ms. Bailey could not provide the basis for the exemption under the pre-August 2004 regulations. Bailey Deposition at 45:19-47:2. She did not review the classification of Product Design Specialists as exempt until after Mr. Young left the company and after the FLSA regulations were amended. Bailey Deposition at 21:25-22:11.

     Even if the Defendant could show good faith, it cannot establish a defense to the double damage rule because it cannot show it had reasonable grounds for its classification. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 312 (7th Cir. 1986) ("A good heart but an empty head does not produce a defense [to the double damage rule]"). The Defendant cannot offer any legal advice or analysis of its decision to classify Mr. Young's position as exempt. *See* Mintz Levin Letter. At its deposition, it could not articulate why Mr. Young was considered exempt. Bailey Deposition at 45:19-47:2.

     Classifying Mr. Young's work as exempt was not objectively reasonable. *Reich,* 121 F.3d at 71 ("the employer bears the burden of establishing, by 'plain and substantial' evidence . . . objective reasonableness.") The regulations are clear that the professional

exemption requires "knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study." 29 C.F.R. §541.3(a)(1).  Nevertheless, the Defendant admitted that the knowledge necessary to perform Mr. Young's job was gained through on-the-job training, not through a college education.  Cooper Deposition at 120:13-123:11; Bailey Deposition at 27:16- 28:8.  It knew that Mr. Young and others in his position had only a high school diploma.  Cooper Deposition at 120:13-122:5.  Further, the law is clear that production work will not support the administrative exemption.  29 C.F.R. §541.205(a); *Reich*, 3 F.3d at 586-88; DOL Opinion Letter, 1997 WL 971811, at 2.  Nevertheless, the Defendant itself characterized Mr. Young's job as production work, not administrative.  Cooper Deposition at 114:20-24; 115:11-117:3. Therefore, the Defendant cannot show that it had reasonable grounds for classifying Mr. Young as exempt from the FLSA protections. *Walton*, 786 F.2d at 312.

The Defendant is unable to show good faith and reasonable grounds to believe that Mr. Young was professionally or administratively exempt.  *Donovan*, 599 F.Supp. at 871. Further, "[e]ven assuming that the employer meets its burden in this regard, the district court nonetheless may, in the exercise of its discretion, award liquidated damages under the express language of the statute." *Reich,* 121 F.3d at 71, fn.5.

## CONCLUSION

The undisputed facts in this case establish that Mr. Young was not administratively or professionally exempt from the FLSA protections and that the Defendant is not entitled to an exception to the requirement that an employer that violates the FLSA's overtime

compensation requirements "shall be liable" to the employee for unpaid overtime and "an additional equal amount as liquidated damages." 29 U.S.C. §216(b).

Accordingly, Mr. Young asks this Court for summary judgment declaring that he was not professionally or administratively exempt as an employee of the Defendant and that the Defendant is liable for the full measure of liquidated damages provided under 29 U.S.C. §216(b).

Dated: January 19, 2006

Respectfully Submitted,


_____/s_____
Michael J.D. Sweeney (MS 7959)
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

Counsel for Plaintiff