UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANDREW YOUNG, individually and on behalf
of others similarly situated,

        Plaintiff,

-v-                                       No. 04 Civ. 5968 (LTS) (GWG)

COOPER CAMERON CORPORATION,

        Defendant.

------------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

### MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On June 6, 2006, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that Plaintiff's motion for partial summary judgment be granted on the issues of: (1) the applicability of the Fair Labor Standards Act ("FLSA") to Plaintiff's employment as a Product Design Specialist II ("PDS"); and (2) Plaintiff's entitlement to liquidated damages under 29 U.S.C. § 216(b). Timely objections to the Report were received from Defendant. Plaintiff filed a response to the Defendant's objections, without making any objections of its own, and Defendant submitted a reply and an additional affidavit in further support of its objections. The Court has reviewed thoroughly all of these submissions.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

Copies mailed counsel/MT
Chambers of Judge Swain 9/25/07

U.S.C.A. § 636(b)(1)(C) (West Supp. 2006). The court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343 (WK), 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852 (MBM), 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court has considered thoroughly all of Defendant's submissions in support of its objections, and has considered de novo all of the points raised. For substantially the reasons set forth in Judge Gorenstein's thorough and well-reasoned Report, the Court adopts all of Judge Gorenstein's recommended conclusions.

Professional Exemption

Defendant argues that the "Report improperly engages in fact-finding, fails to undertake an analysis of the record, and fails to draw reasonable inferences in favor of [Defendant,] the non-moving party." (Def. Obj. Br. 2.) Defendant also asserts that the "Magistrate failed to apply the appropriate summary judgment standard." (Id.) The Court has conducted a de novo review with respect to these issues, and concurs with Judge Gorenstein's

conclusion that the FLSA applies to Plaintiff's duties as a PDS. The determination of whether an individual is a professional under the FLSA "does not involve a particular formula, but rather, the test 'must be applied in light of all the facts involved in the particular employment situation in which the question arises.'" Seltzer v. Dresdner Kleinwort Wasserstein, Inc., 356 F. Supp 2d 288, 301 (S.D.N.Y. 2005) (citing 29 C.F.R. § 541.207(b)).

The plain language of the Report itself confirms that Judge Gorenstein applied the correct standard to reviewing a summary judgment motion, including drawing reasonable inferences in favor of the non-moving party, and reviewed thoroughly the relevant factual proffers. The undersigned concurs in Judge Gorenstein's conclusion that "no reasonable juror could find that the knowledge required for [Plaintiff's] work met [FLSA's] professional exemption test." (Report at 13.)

Liquidated Damages

Judge Gorenstein's Report outlines the appropriate standard for liquidated damages under the FLSA, conducts a thorough analysis, and reaches an appropriate conclusion – that Defendant had failed to carry its heavy burden of demonstrating that its classification decision was made in good faith – based on the evidence presented to the Court. Defendant's proffer of an additional affidavit of Denise Bailey is insufficient to undermine this conclusion. Like the Bailey affidavit proffered in connection with the summary judgment motion practice, it contradicts Bailey's deposition testimony that she herself had not reviewed the propriety of the exemption designation for the PDS position prior to the recent regulatory amendment. Neither does it provide competent evidence of the specific consideration of relevant legal requirements

and facts in the context of the position at issue here. The affidavit is not effective to frame any genuine issue of material fact as to Defendant's good faith. On this record Plaintiff is, as Judge Gorenstein recommends, entitled to judgment as a matter of law on the liquidated damages issue.

## CONCLUSION

Accordingly, Judge Gorenstein's Report and Recommendation is hereby adopted in its entirety. This case remains referred to Judge Gorenstein for general pre-trial management purposes (including settlement). The parties shall meet promptly with Judge Gorenstein and shall, if and when appropriate, request that a final pre-trial conference be calendared.

This Memorandum Opinion and Order terminates docket entry 35.

SO ORDERED.

Dated: New York, New York
September 25, 2007

LAURA TAYLOR SWAIN
United States District Judge